UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually,

        Plaintiff,

vs.

        Case No.

THE RITZ-CARLTON HOTEL COMPANY, LLC,
a Delaware Limited Liability Company,

        Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THE RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## COUNT I

1. Plaintiff, Helen Swartz, is an individual residing in Miami, FL, in the County of Miami-Dade.

2. Defendant's property, The Ritz-Carlton Hotel, is located at 10295 Collins Avenue, Bal Harbour, Florida, in the County of Miami-Dade.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter. Family and friends often visit her in the Miami/Fort Lauderdale area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease. She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami/Fort Lauderdale and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Florida.

6. Helen Swartz visited the property which forms the basis of this lawsuit from November 29 through November 30, 2020, and has reservations to return to the Hotel from June 1 through June 2, 2020. Her granddaughter will be joining her as a special treat; they will enjoy the shops and dining which Bal Harbour has to offer. The Plaintiff also wishes to avail herself of the goods and services available at The Ritz-Carlton, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination. She also wishes to avail herself of the

goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Ritz-Carlton Hotel, and is located at 10295 Collins Avenue, Bal Harbour, Florida.

8. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz desires to visit The Ritz-Carlton Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of The Ritz-Carlton Hotel has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

 a. A vehicle pull-up space is not provided on the site. This is in violation of section 503.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

 b. The check-in desk is too high. This is in violation of section 227 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the counter.

 c. In guestroom #415, which hotel deemed an accessible guestroom, a clear floor space positioned for a forward approach to the sink is not provided. This is in violation of section 806.2.1 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the sink.

 d. In the accessible guestroom #415, which hotel deemed an accessible guestroom, the light fixtures above the bed are out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

 e. In the accessible guestroom #415, which hotel deemed an accessible guestroom, the window controls require tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 309.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

 f. In guestroom #415, which the hotel deemed an accessible guestroom, the window controls are out of reach to a person using a wheelchair. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

 g. In the accessible guestroom #415, which hotel deemed an accessible guestroom, a turning space is not provided access the standing lamp. This is in violation of section 806.2.6 of the 2010 Standards for Accessible Design: 28 CFR

§36.304. This condition made it difficult the plaintiff to access the facility.

      h.      In the accessible guestroom #415, which hotel deemed an accessible guestroom, the operable part on the standing light fixture requires tight grasping, pinching, or twisting of the wrist. This is in violation of section 309.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      i.      In guestroom #415, which hotel deemed an accessible guestroom, the storage drawers are not operable with one hand and requires tight grasping, pinching, or twisting of the wrist to operate. This is in violation of sections 811.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to open the storage drawers.

      j.      In guestroom #415, which hotel deemed an accessible guestroom, the closet rod and shelf are out of reach to a person in a wheelchair. This is in violation of section 811.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      k.      In the accessible guestroom, #415, the exterior space to enter or exit is not accessible. This is in violation of section 806.2.2 of the 2010 Standards for Accessible Design. §36.304. This conditioned denied the plaintiff to access the balcony, which is in violation of §36.201, §36.202 and §36.304 as this denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

      l.      In guestroom #415, which hotel deemed an accessible guestroom, the flush control is on the closed side of the water closet in the accessible guest bathroom. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the water closet.

      m.      In guestroom #415, which hotel deemed an accessible guestroom, an accessible bench is not provided in the accessible guest bathroom. This is in violation of section 903 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      n.      In guestroom #415, which hotel deemed an accessible guestroom, the mirror in the accessible guest bathroom is too high. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      o.      In guestroom #415, which hotel deemed an accessible guestroom, the grab bar is improperly positioned above the seat in the accessible guest bathroom roll-in shower. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      p.      In guestroom #415, which hotel deemed an accessible guestroom, in the accessible guest bathroom the shower seat in the roll-in shower is positioned to far from the adjacent wall. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the plaintiff to access the facility.

      q.      In guestroom #415, which hotel deemed an accessible guestroom, the shower spray unit in the roll-in shower does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      r.      In guestroom #415, which hotel deemed an accessible guestroom, the shower control in the accessible guestroom roll-in shower is out of reach to a person who must use a wheelchair. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      s.      In guestroom #415, which hotel deemed an accessible guestroom, an accessible means of entry is not provided to access the spa in the accessible guestroom bathroom.  This is in violation of sections 242.4 and 806.2.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

      t.      In guestroom #415, which hotel deemed an accessible guestroom, items in the guestroom and bathroom are out of reach to a person who needs to use a wheelchair. This is in violation of sections 242.4, 308, 309, 806 and 811of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

      u.      The counter in Exhale Spa is too high. This is in violation of section 904.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  v.  Assorted items in the Exhale Spa boutique are out of reach to a person who must use a wheelchair.  This is in violation of section 309 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  w.  The Zen Lounge does not provide an accessible route to access the assorted seating areas in the lounge. This is in violation of sections 206.2.2 and 303 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  x.  A guest who must use a wheelchair is denied the opportunity to participate in relaxing at any of the seating areas in the Zen Lounge that are available to the hotel's abled guests. This is in violation of 28 CFR §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

  y.  In the Zen Lounge, the assorted stairways do not have proper handrails extensions.  This is in violation of section 505.10 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

  z.  Handrails are not provided on both sides of the assorted stairways in the Zen Lounge.  This is in violation of section 505.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304.

  aa.  Inside the Exhale Spa women's changing room, an accessible bench is not provided to a person with a disability.  This is in violation of section 903 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  bb.  A grab bar in the roll-in shower inside the Exhale Spa women's changing room is positioned above the shower seat.  This is in violation of section 608.3.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  cc.  The roll-in shower inside the Exhale Spa women's changing room have grab bars that are positioned too far from the side wall.  This is in violation of section 608.3.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult for the Plaintiff to use the facilities.

  dd.  The shower spray unit in the roll-in shower inside the Exhale Spa

women's changing room does not have an on/off control with a non-positive shut-off. This is in violation of section 608.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  ee.  The shower spray control in the roll-in shower inside the Exhale Spa women's changing room is out of reach to a person with a disability. This is in violation of section 608.6 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  ff.  An accessible means of entry is not provided to access the assorted spas by the poolside. This is in violation of section 242.4 the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  gg.  A guest with a disability is denied the opportunity to use the assorted spas by the poolside that are available to the hotel's abled guests. This is in violation of 28 CFR §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

  hh.  A guest with a disability is denied the opportunity to participate in choosing one of the assorted sunbeds, seating and/or cabanas that are offered around the poolside to the hotel's abled guests. This is in violation of §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

  ii.  The outside pool showers have fixed shower heads that are located too high above the shower finish floors. This is in violation of section 608.6 the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

  jj.  A change in level is required to access to the outdoor shower. This is in violation of section 303 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  kk.  The operable gate hardware to access the beach walkway requires tight grasping, pinching, or twisting of the wrist. This is in violation of section 309.4 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   ll.  The landing on the ramp does not have handrails.  This is in violation of section 505.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   mm.  Accessible seating at the tables and bars around the hotel are not provided to a person using a wheelchair. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made difficult for the Plaintiff access the tables and bars; 28 CFR §36.201, §36.202, §36.304.

   nn.  The sanitizer located to the entrance of the pool bathrooms is too high. This is in violation of section 308 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   oo.  A clear floor space positioned for a forward approach to the exterior lavatory is not provided in the pool bathroom.  This is in violation of sections 213.3.4 and 606.2 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   pp.  The mirror in the pool bathroom is too high.  This is in violation of section 603.3 of the 2010 Standards for Accessible Design: 28 CFR §36.304. This condition made it difficult the plaintiff to access the facility.

   qq.  A guest with a disability is denied the opportunity to participate in the beach activities that are offered to guests of the hotel. This is in violation of §36.201, §36.202 and §36.304. This denied Plaintiff the full and equal opportunity to receive the same service as an abled individual.

   rr.  The hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations. This is in violation of  section 224 the 2010 Standards for Accessible Design: 28 CFR §36.304.  This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.   28 CFR §36.302(e)(1)

   ss.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211

  11.  All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design

(ADAAG), as promulgated by the U.S. Department of Justice.

12. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Ritz-Carlton Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the

Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

18. Prior to the filing of this lawsuit, Plaintiff's counsel conducted a thorough PACER search to determine whether prior ADA cases had been filed in the Southern District of Florida against the instant property.   One unrelated ADA lawsuit had been filed, as follows:

a. *Joe Houston v. THE RITZ-CARLTON HOTEL COMPANY, LLC,* Case #1:17-cv-62273-DPG, in which the only violations alleged are elements relating to the website and online reservations system.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

### Negligence

19. Plaintiff realleges all allegations heretofore set forth.

20. Defendant, through its activities and past ventures and experience, knew or reasonably should have known its duties to the impaired. Defendant had a duty to Plaintiff to remove ADA accessibility barriers, and adopt policies and procedures, as mandated by the ADA, so that Plaintiff, as a disabled individual would have full and equal access to the subject public accommodation.

21. Defendant breached this duty.

22. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem.

23. Discrimination against individuals with disabilities persists in the use and enjoyment of public accommodations.

24. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals.

25. The ADA has been the law of the land since 1991, but Defendant has negligently

denied Plaintiff her civil rights by maintaining architectural barriers that preclude the Plaintiff from the full and equal use of the subject premises, and that endangered and continues to endanger Plaintiff's safety. This negligent conduct of the Defendant has also caused Plaintiff damage by virtue of segregation, discrimination, relegation to second class citizen status and the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief, as follows:

A.     For finding of negligence; and

B.     For damages in an amount to be proven at trial; and

C.     For such other and further relief as the Court may deem just and proper.

Dated:   December 7, 2020                    Respectfully submitted,

*/s/   Lawrence A. Fuller*
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorney for Plaintiff Helen Swartz*